IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LYNDON GRANGER et al., § | |
|     Plaintiffs, § | |
| § | |
| v. § | C.A. NO. 4:10-CV-02698 |
| § | |
| HOUSTON POLICE § | |
| DEPARTMENT, et. al., § | |
|     Defendants. § | JURY TRIAL DEMANDED |

### DEFENDANT HOUSTON POLICE DEPARTMENT'S
### RULE 12(b)(4), (5) and (6) MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Houston Police Department ("Houston") files its Rule 12(b) (4), (5) and (6) Motion to Dismiss, and respectfully shows this Honorable Court the following:

### ISSUES

1. Houston moves to dismiss Pro Se Plaintiffs Lyndon Granger, Barthlomew Granger Sr., and Bartholomew Granger Jr. ("Grangers") claims because of insufficiency of process.

2. Houston moves to dismiss the Grangers' claims because of insufficiency of service of process.

3. Houston moves to dismiss the Grangers' claims because the Houston Police Department is not an entity capable of being sued in its own right.

### FACTS

4. On July 26, 2010, the Grangers filed a lawsuit naming the Houston Police Department as a defendant. Docket Entry Number [DE#] 1. On September 7, 2010, the Grangers mailed a summons to the Houston Police Department by mail without a copy of the complaint. A

copy of the served summons and envelope are attached as **Exhibit 1**; *see* DE# 12.

## STANDARD FOR A 12(b)(4) and (5) MOTION

5.      Objections to service must be made in a pre-answer or answer or they are waived. *RTC v. Starkey*, 41 F.3d 1018, 1021 (5th Cir. 1995). When process is defective, the court may dismiss the suit or quash the service of process. *See Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 886 (8th Cir. 1996).

## ARGUMENT AND AUTHORITY

I.      **Insufficiency of Process**

Agent for Service of Process Not Named

6.      Rule 4(j) provides that state governmental organizations must be served by either "(A) delivering a copy of the summons and of the complaint to [their] chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such defendant." FED. R. CIV. P. 4(j)(2). Under Texas law, "[i]n a suit against an incorporated city, town, or village, citation may be served on the mayor, clerk, secretary, or treasurer." TEX. CIV. PRAC. REM. CODE § 17.024 (Vernon 2008).

7.      Here, the Grangers failed to name an agent for process of service in their original complaint and then served Houston without providing an agent for service of process. Clearly the Grangers have failed to name the mayor, clerk, secretary, or treasurer of the proper but not named party,   City of Houston.

8.  Houston was prejudiced by the defect in process by failing to name the proper agent for service of process and moves to dismiss the Grangers' claims against it for insufficiency of process.

No Complaint Attached

9.  Rule 4(c)(1) requires that the summons must be served with a copy of the complaint. FED. R.CIV. P. Rules 4(c)(1) and 4(e)(2)(A).

10. In this case, there was no copy of the complaint included with the original summons. Houston, has no duty to go forward with the case until it is properly served. *Skaggs v. City of Keller,* 880 S.W.2d 264, 266 (Tex. App.-Fort Worth 1994, writ denied); *City of Mesquite v. Bellingar,* 701 S.W.2d 335, 336 (Tex. App.-Dallas 1985, no writ).

11. Houston is prejudiced by defect in process because the Grangers failed to attach a copy of the complaint to the summons. Thus, Houston moves to dismiss the Grangers' claims against it, for insufficiency of process.

**II.  Insufficiency of Service of Process**

Citation and Summons Mailed by Granger

12. Rule 4(c) prescribes the requirements for the service of a summons. FED. R. CIV. P. 4(c). Rule 4(j)(2) prescribes the requirements for serving a municipal corporation. FED. R. CIV. P. 4(j)(2). The rule provides that the plaintiff must serve a named defendant by either "delivering a copy of the summons and complaint to its chief executive officer or by serving a copy of each in the manner prescribed by that state's law for serving a summons or like

process on such a defendant." FED. R. CIV. P. 4(c). "Texas Rule of Civil Procedure 103 provides that a sheriff, a constable, or any person authorized by law or written order of the court not less than 18 years of age and who is not a party or interested in the outcome of the suit may serve any process." *Florence v. Buchmeyer*, 500 F.Supp.2d 618, 632 (N.D. Tex. 2007).

13. The Grangers mailed the summons by mail themselves to Houston. *See* **Exhibit 1**; *see* DE# 12.

14. The Grangers are parties to this action. *Florence v. Buchmeyer*, 500 F.Supp.2d at 632. "Neither the federal rules of civil procedure nor the state rules of civil procedure allow a party to serve process." *Florence v. Buchmeyer*, 500 F.Supp.2d at 632. The Grangers' attempt to serve Houston was ineffective. *See Florence v. Buchmeyer*, 500 F.Supp.2d at 632-633, citing *Jackson v. Atrium Companies, Inc.*, No. 3:04-CV-0679-G, 2004 WL 1773699, at *2 (N.D. Tex. 2004).

15. Houston is prejudiced by the defect in service of process because the Grangers failed to follow the proper procedure as set forth in FED. R. CIV. P. 4(j)(2). Thus, Houston moves to dismiss the Grangers' claims against it for insufficiency of service of process.

<u>Service on One other than the Mayor, Clerk, Secretary, or Treasurer</u>

16. A suit against an incorporated city, town or village, *citation* may only be served on the mayor, clerk, secretary, or treasurer. Tex. Civ. Prac. & Rem. Code, Section 17.024(b) (*emphasis added*).

17.     In this case, the Grangers named no one as the agent for process of service and served Houston with the summons. *See* **Exhibit 1**. The Grangers did not properly serve the mayor, clerk, secretary, or treasurer with the summons. Houston has no duty to go forward with the case until it is properly served. *Skaggs v. City of Keller*, 880 S.W.2d 264, 266 (Tex.App.–Fort Worth 1994, writ denied); *City of Mesquite v. Bellingar*, 701 S.W2d 335, 336 (Tex.App.–Dallas 1985, no writ). 18. Houston was prejudiced by the insufficiency in the service of process. Houston moves to dismiss the Grangers'claims for insufficiency of service of process.

## STANDARD FOR A 12(b)(6) MOTION

18.     A defendant may move for dismissal of a complaint that fails to state a claim for which relief can be granted. Fed.R.Civ.P. 12(b)(6). A complaint is subject to Rule 12(b)(6) dismissal if it appears beyond a doubt that a plaintiff can prove no set of facts in support of its claim that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99(1957); *Rubenstein v. Collins*, 20 F.3d 160 (5th Cir.1994). In deciding a motion to dismiss, the court takes all factual allegations contained in the complaint as true and resolves any ambiguities or doubts regarding sufficiency of the claim in favor of the plaintiff. See *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683(1974); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993).

## ARGUMENT AND AUTHORITY

Houston Police Department is not an Entity Capable of Being Sued in its Own Right

19. As per Fed. R. Civ. P. 17, the Houston Police Department contends that it is not an entity capable of being sued. To be sued, a defendant must be either; 1) an individual, 2) a corporation; or 3) a partnership or unincorporated association recognized by the laws of the State of Texas. The provision of law controlling the creation of the Houston Police Department is found in the Charter of the City of Houston; Article II Section 16, attached hereto as **Exhibit 2**. This provision clearly provides that the Houston Police Department is merely an arm of the City of Houston, because its creation and functions are dependent on the will of the governing body of the municipality. Additionally, no state or federal statute creates a public body known as the "Houston Police Department." Since the Houston Police Department is not persona sui juri, all of the Grangers' claims against it should be dismissed. *Maxwell v. J. Henry, et al;* 815 F.Supp, 213, 215 (S.D. Tex.. 1993); *Moore v. Houston Police Department,* Fifth Circuit Summary Calendar, No. 84-2209, (February 25, 1995).

20. Since Houston is incapable of being sued, it requests that Grangers claims be dismissed.

## CONCLUSION

21. The Grangers' claims against Houston Police Department should be dismissed because:

1.  there was insufficiency of process.

2.  there was insufficiency of service of process, i.e. not proper service.

3.  the Houston Police Department is not an entity capable of being sued in its own right.

Considering the arguments above, Houston Police Department requests that this Court grants its Rule 12(b)(4), (5) and (6) Motion to Dismiss and finds there was insufficiency of process, insufficiency of service of process, and an entity not capable of being sued and dismisses the Grangers' claims against Houston Police Department.

    Respectfully submitted,

    DAVID M. FELDMAN
    City Attorney

    LYNETTE FONS
    First Assistant City Attorney

    DONALD J. FLEMING
    Section Chief,
    Labor, Employment and Civil Rights Section

    /s/ *Shani A.Dennis*_____
    SHANI A. DENNIS
    Attorney-in-Charge
    Assistant City Attorney
    Texas Bar No. 24032130
    Southern Dist. ID No. 30372
    Shani.dennis@houstontx.gov
    JAQUELINE I. LEGUIZAMON
    Senior Assistant City Attorney
    Texas Bar No. 12172100
    Southern Dist. ID No. 17475

        jackie.leguizamon@houstontx.gov
        City Attorney's Office
        Labor, Employment and Civil Rights Section
        P.O. Box 368
        Houston, Texas 77001-0368
        Phone No. (832) 393-6300
        Fax No. (832) 393-6259

        Attorneys for the
        HOUSTON POLICE DEPARTMENT

## CERTIFICATE OF SERVICE

This pleading was served in compliance with the Federal Rules of Civil Procedure on the **28th** day of **September, 2010.**

To:  Mr. Lyndon Granger
      P.O. Box 550661
      Houston, Texas 77255
      **Via CMRRR# 7160 3901 9845 8722 8303**

        */s/ Shani A. Dennis*
        Shani A. Dennis

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **LYNDON GRANGER et al.,** § | |
| Plaintiffs, § | |
| § | |
| v. § | C.A. NO. 4:10-CV-02698 |
| § | |
| **HOUSTON POLICE** § | |
| **DEPARTMENT, et. al.,** § | |
| Defendants. § | JURY TRIAL DEMANDED |

**ORDER ON DEFENDANT HOUSTON POLICE DEPARTMENT
RULE 12(b)(4), (5) and (6)  MOTION TO DISMISS**

CAME ON for consideration Defendant, Houston Police Department's motion to dismiss.  After review of the motion, exhibit, and the file, the Court finds the motion has merit.

Accordingly,

IT IS ORDERED that Defendant Houston Police Department's Rule 12(b)(4), (5), and (6) motion to dismiss is GRANTED and Lyndon Granger, Bartholomew Granger Sr., and Bartholomew Granger Jr.'s claims against the Houston Police Department are dismissed.

SIGNED this _____ day of _____ 2010.

_____
UNITED STATES DISTRICT JUDGE