IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYNDON GRANGER, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:10-2698 |
| HOUSTON POLICE DEPARTMENT, et al., | § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

Plaintiffs Lyndon Granger, Bartholomew Granger, Sr., and Bartholomew Granger, Jr., proceeding *pro se*, bring this lawsuit alleging mistreatment and unlawful incarceration by law enforcement, in violation of their civil and constitutional rights. Plaintiffs initiated this action on July 26, 2010, against Defendants Houston Police Department ("HPD"), Harris County, Jefferson County, City of Beaumont, and James A. Fitzgerald.[1] Plaintiffs have since amended their pleadings, dropping James A. Fitzgerald and the City of Beaumont as Defendants and adding the Beaumont Police Department ("BPD").[2] The City of Beaumont has filed a Motion to Dismiss Pursuant

---

[1] Original Petition, filed July 26, 2010 [Doc. # 1].

[2] Amended Petition, filed September 7, 2010 [Doc. # 11].

to Rule 12(b)(4) and (5) [Doc. # 8]. After Plaintiffs filed an amended pleading, BPD filed a Rule 12(b)(4) and (5) Motion to Dismiss [Doc. # 14], and HPD filed a Rule 12(b)(4), (5), and (6) Motion to Dismiss [Doc. # 15]. Plaintiffs have filed a Motion to Oppose Dismissal [Doc. # 16], which responds to the arguments by BPD. Plaintiffs also have filed a Motion for Discovery [Doc. # 17]. The motions are now ripe for decision. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that Defendants' motions should be **denied in part without prejudice and granted in part**.

The record reflects that Plaintiffs have attempted to serve Defendants. For each Defendant, Plaintiffs sent a summons by regular mail. On August 11, 2010, Plaintiffs filed with the Court a "Proof of Service" form for the four original Defendants. The first states that a summons for the Jefferson County Clerk Office was "served to last know[n] address" and attaches a "Certificate of Mailing" from the United States Postal Service. On the line above the words, "Server's Signature," the form is signed by Plaintiff Lyndon Granger.[3] The second states that a summons was mailed to the City of Beaumont at its last known address, the third states that a summons was mailed to Harris County at its last known address, and the fourth states that a summons was mailed to HPD and James A. Fitzgerald; each of these forms attaches a Certificate of

---

[3]    *See* Doc. # 4 (Jefferson County).

Mailing from the United States Postal Service, and each is signed by Plaintiff Lyndon Granger as the server.[4]  On September 8, 2010, after filing their amended pleadings, Plaintiffs filed two Proof of Service forms stating that a summons for HPD and BPD had each been mailed to the entity's last known address.  Each form attaches a Certificate of Mailing and is signed by Plaintiff Lyndon Granger as the server of process.[5]

Defendants HPD, BPD, and the City of Beaumont have filed motions to dismiss raising multiple deficiencies in the process and the service of process.  Based on these motions it appears that, despite the municipalities' legal departments having received actual notice of the action against them, the municipalities are not willing to waive service under Federal Rule of Civil Procedure 4(d).

As detailed in Defendants' motions to dismiss, Plaintiffs have not properly served Defendants with process.  Among other problems, Plaintiffs did not attach a copy of their complaint, and made service by regular mail.  Once a defendant has contested the validity of service of process, a plaintiff bears the burden to establish its

---

[4]  *See* Doc. # 5 (City of Beaumont); Doc. # 6 (Harris County); Doc. # 7 (Houston Police Department, James A. Fitzgerald).

[5]  Doc. # 12 (Houston Police Department); Doc. # 13 (Beaumont Police Department).

validity.[6] Because Plaintiffs are proceeding *pro se* and *in forma pauperis*, the rules for effective service of process are more lenient.[7] However, *pro se* status does not excuse a litigant's complete failure to effect service.[8] When the failure of effective service may be ascribed to the plaintiff's "dilatoriness or fault" or "inaction," the case may be properly dismissed.[9]

The rules for service of process in a federal action are set forth in Federal Rule of Civil Procedure 4. Rule 4(c) provides as follows:

- A summons must be served **with a copy of the complaint**. The plaintiff is responsible for service and must furnish the necessary copies to the person making service.[10]

- The summons and complaint must be served by a person who is at least 18 years old and **not a party to the lawsuit**.[11]

---

[6] *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). *See In re Katrina Canal Breaches Litigation*, 309 F. App'x 833, 835 (5th Cir. 2009).

[7] *See Holly v. Metropolitan Transit Authority*, 213 F. App'x 343, 344 (5th Cir. 2007) (citing *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)).

[8] *Systems Signs Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988).

[9] *Holly*, 213 F. App'x at 344-45 (citing *Rochon v. Dawson*, 828 F.2d 1107, 1109-10 (5th Cir.1987)).

[10] FED. R. CIV. P. 4(c)(1).

[11] FED. R. CIV. P. 4(c)(2). At a plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. FED. R. CIV. P. 4(c)(3). When a plaintiff is a prisoner and is proceeding (continued...)

In addition, Rule 4(j) provides special rules for service on a local government entity, such as Defendants in this case. For a local government entity, service must be made by either (a) delivering the summons and complaint to the government entity's chief executive officer or (b) serving the local government in the manner prescribed by relevant state law.[12] The relevant Texas law provides that, "[i]n a suit against a county, citation must be served on the ***county judge***,"[13] and that, "[i]n a suit against an incorporated city, town, or village, citation may be served on the ***mayor, clerk, secretary, or treasurer***."[14] Plaintiffs' summons therefore must name an official as agent for the county or city served. Texas law also provides that service may be made either in person or by certified mail, return receipt requested.[15]

Under Federal Rule of Civil Procedure 4(m), a plaintiff has 120 days from the date the complaint is filed to effect service. Because Plaintiffs' complaint was filed on July 26, 2010, the 120-day period for service expires on **November 23, 2010.**

---

[11] (...continued)
*in forma pauperis* under 28 U.S.C. § 1915, the court is required to grant such a request. *Id.*; *Lindsey*, 101 F.3d 444; *see Ellibee v. Leonard*, 226 Fed.Appx. 351 (5th Cir. 2007).

[12] FED. R. CIV. P. 4(j)(2).

[13] TEX. CIV. PRAC. & REM. CODE § 17.024(a) (emphasis added).

[14] TEX. CIV. PRAC. & REM. CODE § 17.024(b) (emphasis added).

[15] TEX. R. CIV. P. 106(a).

Plaintiffs must make proper service of process on each Defendant on or before November 23, 2010. Plaintiffs are advised that failure to do so may result in dismissal of their case.

In addition, Plaintiffs must name the proper parties to the lawsuit. As stated in the pending motions to dismiss [Docs. # 14 and 15], BPD and HPD are not legal entities that can be sued. Plaintiffs instead must sue the City of Beaumont and the City of Houston. Plaintiffs may amend their pleadings to name the proper parties before making service of process upon Defendants. If Plaintiffs choose to amend, they must do so prior to making service in accordance with the deadline stated in this order. Moreover, if Plaintiffs file an amendment, the amended pleadings must be served properly on all Defendants.

Finally, Defendants Harris County and Jefferson County have not made appearances in this case. The Court's records indicate that Plaintiffs attempted to serve these Defendants by the same legally insufficient means described above, that is, by regular mail naming only the entity rather than the chief officer such as the county judge. Plaintiffs must correct the deficiencies in service of process on or before **November 23, 2010** as to Defendants Harris County and Jefferson County.

If Plaintiffs make sufficient service upon Defendants, Defendants then may answer or file motions to dismiss based on venue, personal jurisdiction, or other

appropriate grounds. It is therefore

**ORDERED** that Defendant City of Beaumont's Motion to Dismiss Pursuant to Rule 12(b)(4) and (5) [Doc. # 8], Defendant Beaumont Police Department's Rule 12(b)(4) and (5) Motion to Dismiss [Doc. # 14], and Defendant Houston Police Department's Rule 12(b)(4), (5), and (6) Motion to Dismiss [Doc. # 15] are **DENIED IN PART without prejudice and GRANTED IN PART** in accordance with this Memorandum and Order. It is further

**ORDERED** that Plaintiffs' Motion to Oppose Dismissal [Doc. # 16] is **DENIED AS MOOT**. It is further

**ORDERED** that Plaintiffs' Motion for Discovery and for Production [Doc. # 17] is **DENIED without prejudice**. It is further

**ORDERED** that Plaintiffs must make proper service of process on each Defendant on or before **November 23, 2010**. **Failure to do so may result in dismissal of this case**. It is further

**ORDERED** that if Plaintiffs amend their pleadings as directed in this Order, they must file the amended pleadings with the Court and serve the amended pleadings on all Defendants **as part of the service of process by the November 23, 2010 deadline**. It is finally

**ORDERED** that the initial conference currently set for November 8, 2010 is

**RESET** for **Monday, February 7, 2011** at **3:00 p.m.**

SIGNED at Houston, Texas, this **26<u>th</u>** day of **October, 2010**.

_____
Nancy F. Atlas
United States District Judge