## IN THE UNITED STATES DISTRICT COURT
## FOR SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **LYNDON GRANGER** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. NO. H-10-2698** |
| | § | **(Jury demand)** |
| **HOUSTON POLICE DEPARTMENT** | § | |
| **Defendant.** | § | |

## DEFENDANT CITY OF HOUSTON'S INITIAL DISCLOSURES
## AND/OR SUPPLEMENTAL INITIAL DISCLOSURES

TO THE HONORABLE JUDGE OF NANCY F. ATLAS:

COMES NOW, Defendant, City of Houston and files its Initial Disclosures and/or Supplemental Initial Disclosures pursuant to Rule 26(a)(1) and (2) of the Federal Rules of Civil Procedure.

**I. Initial Disclosure**

**A.     Name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information:**

**DISCLOSURE**

1.      Lyndon Granger
        P.O. Box 550661
        Houston, Texas 77255 or
        2767 Briargrove Apt. 486
        Houston, Texas 77057-5228

        Ulysses Gibson Granger
        12223 Penn Street
        Crosby, TX 77532

        Bartholomew Granger, Jr.
        Bartholomew Granger, Sr
        P.O. Box 550661
        Houston, Texas 77255

Has knowledge of Plaintiff's claims

2.      City of Houston, Texas, and/or its custodian of records, Defendant
        Houston Police Department ("HPD"), and/or its custodian of records
        HPD Officer Kim Neal received a complaint from Claudia Jackson that her daughter,
        Samantha Jackson was sexually assaulted by her father, Ulysses Granger, and uncles,
        Bartholomew Granger, Jr. And Bartholomew Granger, Sr. She documents the complaint in
        HPD Incident # 05788069 and sends it to her supervisor, Sgt. Stepchinski. Sgt. Stepchinski
        sends the case to Detective James Fitzgerald, HCSO, with Crimes Against Children (CACC).
        Officer Neal mails a letter to Claudia Jackson regarding the complaint and received no
        response so the case was inactivated.
        Sergeant Velez
        Officer Gilmore
        Officer Sauls
        1200 Travis Street
        Houston, Texas 77002
        c/o Kelly Dempsey
        Sr. Assistant City Attorney
        P.O. Box 368
        Houston, Texas 77001-0368
        832.393.6481

        The above have factual and/or expert knowledge of the alleged incident and/or the
        investigations by various law enforcement agencies into same. These witnesses also have
        factual and/or expert knowledge of proper police procedures, and HPD's policies and
        practices relating to the subject incident.

        See the documentation supporting same or produced in this case including but not limited
        to the records, incident reports, from other law enforcement entities. Defendant agrees to
        produce same to plaintiff or make same available at a mutually agreeable time at the office
        of defense counsel once defendant receives same.

3.      Harris County Sheriff's Department/Office ("HCSO")
        Harris County Jail
        Crimes Against Children ("CACC")
        and/or its custodian of records
        Detective James Fitzgerald, Incident No. 0959623
        Lt. Reed, Criminal Warrants
        Various HSCO executed the subject warrants
        Skaneka Buchanan (called for HCSO back up after verbal altercation with plaintiffs)
        Natasha (CACC supervisor)
        Daisy Clark (CACC case worker and eyewitness)
        c/o San Jacinto, Suite 1

Houston, Texas 77002
(713) 755-6044

HCSO investigated the criminal charges made the basis of this lawsuit. The Crimes Against
Children Section ("CACC") listed plaintiff(s) with Crime Stoppers and/or the Crime Watch
list which plaintiff complains.

Jefferson County Sheriff's Office
Jefferson County Jail
and/or its custodian of records
1001 Pearl Street
Beaumont, Texas
(409) 835-8411

Beaumont Police Department
and/or its custodian of records
255 College Street
P.O. Box 3827
Beaumont, Texas 77704

Jefferson County District Attorney's Office
and/or its custodian of records
Grand Jury who indicated plaintiff (warrant No. 09-07231)
1001 Pearl Street, 3rd Floor
Beaumont, Texas 77701
(409) 835-8550

U.S. Marshall's Service Office
and/or its custodian of records
Gulf Coast Violent Offender Task Force, executed warrant for plaintiff/Granger
10017 U.S. Courthouse
515 Rusk Avenue
Houston, Texas 77002
(713) 718-4800

Child Protective Services (CPS)
Ivy Chambers
and/or its custodian of records
2525 Murworth
Houston, Texas 77054
(713) 394-4000

Crime Stoppers

and/or its custodian of records
Katherine Cabiness/Candiss
3001 Main Street
Houston, Texas 77002
(713) 222-TIPS

The above law enforcement entities are non City of Houston-entities who have knowledge of plaintiffs, their allegations, incidents made the basis of this lawsuit, plaintiffs' criminal records, plaintiffs' long history of child related criminal incidents, the search warrants made the basis of this lawsuit and incident made the basis of this lawsuit. They also have knowledge of the lack of HPD's involvement in the alleged incidents.

4.      Houston Northwest Medical Center
and/or its custodian of records
710 FM 1960 West
Houston, Texas 77090
(281) 440-2352

Plaintiff alleges treatment by same

The above have factual and/or expert knowledge of plaintiffs' alleged injuries or lack thereof, and/or damages made the basis of this lawsuit. They have knowledge of plaintiffs' pre-existing and/or subsequent injuries, damages and/or conditions and plaintiffs' failure to mitigate same. See the documentation supporting same. See also all medical, billing and/or employment records ordered in this case, see HFD records. Defendants agree to make same available for copying and/or inspection to plaintiffs at a mutually agreeable time at the office of defense counsel.

**B.      A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

See bate-stamp documents GRA 1-54. These are all HPD incident reports involving plaintiffs Granger. There are no HPD incident reports made the basis of this lawsuit. See also the medical records ordered in their case. See various General Orders and/or HPD's policies relating to claims regarding the alleged subject incident. See bates-stamped documents/items previously produced to plaintiffs and/or made available to plaintiffs for copying and/or inspection at a mutually agreeable time at the office of defense counsel.

Defendant makes these documents/items, along with all medical, billing, employment, and/or other records ordered in this case available to plaintiffs for copying and/or inspection at a mutually agreeable time at the office of defense counsel.

4

**(C)**    **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;**

Defendant is not seeking damages, but dispute that plaintiffs are entitled to any damages as a result of the incident made the basis of this lawsuit.

**(D)**    **For inspection and copying under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable.  Defendant City of Houston is self-insured.

1.    Experts

Defendant has not specially retained experts in this case.  However, defendant identifies those various law enforcement agencies, entities, officers, case workers, and employees as experts in the field of their employment and based in their experience, education, and dealings with plaintiffs and/or the alleged incidents made the basis of this lawsuit.

1.    City of Houston, Texas, and/or its custodian of records, Defendant
       Houston Police Department ("HPD"), and/or its custodian of records
       HPD Officer Kim Neal received a complaint from Claudia Jackson that her daughter, Samantha Jackson was sexually assaulted by her father, Ulysses Granger, and uncles, Bartholomew Granger, Jr. And Bartholomew Granger, Sr.  She documents the complaint in HPD Incident # 05788069 and sends it to her supervisor, Sgt. Stepchinski.  Sgt. Stepchinski sends the case to Detective James Fitzgerald, HCSO, with Crimes Against Children (CACC).  Officer Neal mails a letter to Claudia Jackson regarding the complaint and received no response so the case was inactivated.
       Sergeant Velez
       Officer Gilmore
       Officer Sauls
       1200 Travis Street
       Houston, Texas 77002
       c/o Kelly Dempsey
       Sr. Assistant City Attorney
       P.O. Box 368
       Houston, Texas 77001-0368
       832.393.6481

The above have factual and/or expert knowledge of the alleged incident and/or the

5

investigations by various law enforcement agencies into same.  These witnesses also have factual and/or expert knowledge of proper police procedures, and HPD's policies and practices relating to the subject incident.

See the documentation supporting same or produced in this case including but not limited to the records, incident reports, from other law enforcement entities.  Defendant agrees to produce same to plaintiff or make same available at a mutually agreeable time at the office of defense counsel once defendant receives same.

2.    Harris County Sheriff's Department/Office ("HCSO")
Harris County Jail
Crimes Against Children ("CACC")
and/or its custodian of records
Detective James Fitzgerald, Incident No. 0959623
Lt. Reed, Criminal Warrants
Various HSCO executed the subject warrants
Skaneka Buchanan (called for HCSO back up after verbal altercation with plaintiffs)
Natasha (CACC supervisor)
Daisy Clark (CACC case worker and eyewitness)
c/o San Jacinto, Suite 1
Houston, Texas 77002
(713) 755-6044

HCSO investigated the criminal charges made the basis of this lawsuit.  The Crimes Against Children Section ("CACC") listed plaintiff(s) with Crime Stoppers and/or the Crime Watch list which plaintiff complains.

Jefferson County Sheriff's Office
Jefferson County Jail
and/or its custodian of records
1001 Pearl Street
Beaumont, Texas
(409) 835-8411

Beaumont Police Department
and/or its custodian of records
255 College Street
P.O. Box 3827
Beaumont, Texas 77704

Jefferson County District Attorney's Office
and/or its custodian of records
Grand Jury who indicated plaintiff (warrant No. 09-07231)
1001 Pearl Street, 3rd Floor
Beaumont, Texas 77701

(409) 835-8550

U.S. Marshall's Service Office
and/or its custodian of records
Gulf Coast Violent Offender Task Force, executed warrant for plaintiff/Granger
10017 U.S. Courthouse
515 Rusk Avenue
Houston, Texas 77002
(713) 718-4800

Child Protective Services (CPS)
Ivy Chambers
and/or its custodian of records
2525 Murworth
Houston, Texas 77054
(713) 394-4000

Crime Stoppers
and/or its custodian of records
Katherine Cabiness/Candiss
3001 Main Street
Houston, Texas 77002
(713) 222-TIPS

The above law enforcement entities are non City of Houston-entities who have knowledge of plaintiffs, their allegations, incidents made the basis of this lawsuit, plaintiffs' criminal records, plaintiffs' long history of child related criminal incidents, the search warrants made the basis of this lawsuit and incident made the basis of this lawsuit. They also have knowledge of the lack of HPD's involvement in the alleged incidents.

3.      Houston Northwest Medical Center
        and/or its custodian of records
        710 FM 1960 West
        Houston, Texas 77090
        (281) 440-2352

        Plaintiff alleges treatment by same

        The above have factual and/or expert knowledge of plaintiffs' alleged injuries or lack thereof, and/or damages made the basis of this lawsuit. They have knowledge of plaintiffs' pre-existing and/or subsequent injuries, damages and/or conditions and plaintiffs' failure to mitigate same. See the documentation supporting same. See also all medical, billing and/or employment records ordered in this case, see HFD records. Defendants agree to make same

available for copying and/or inspection to plaintiffs at a mutually agreeable time at the office of defense counsel.

Respectfully submitted,

DAVID M. FELDMAN
City Attorney

LYNETTE FONS
First Assistant City Attorney for Litigation

DONALD FLEMING
Section Chief,
Labor, Employment and Civil Rights Section

KELLY A. DEMPSEY
Attorney-in-Charge
TBN 00789253
Fed. I.D. No.17969
City Attorney's Office
Labor, Employment and Civil Rights Section
P.O. Box 368
Houston, TX 77001
(832)393-6481 Telephone
(832)393-6259 Fax
kelly.dempsey@houstontx.gov

Attorney for Defendant, City of Houston

## CERTIFICATE OF SERVICE

I hereby certify that on this **8th** day of **August, 2011**, I certified mail, return receipt requested a true and correct copy of the above and foregoing pleading to all counsel of record.

cc:     Lyndon Granger
        Bartholomew Granger, Sr.
        Bartholomew Granger, Jr.
        Ulysses Granger
        P.O. Box 550661
        Houston, Texas 77255
        Via Certified Mail/RRR

8

7160 3901 9848 5307 6744
Via e-filing

_____

KELLY A. DEMPSEY

*G:\LABOR\DEMPSEY\GRANGER\Defs Disclosures.wpd\eag*