IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYNDON GRANGER, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2698 |
| | § | |
| CITY OF HOUSTON, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This civil rights case is before the Court on the Motion for Summary Judgment

("Motion") [Doc. # 72] filed by Defendant City of Houston.[1]  Plaintiffs Lyndon

Granger, Ulysses Granger, Bartholomew Granger, Sr., and Bartholomew Granger, Jr.

filed a response [Doc. # 73] opposing the Motion.  Having reviewed the full record

and applied governing legal authorities, the Court **grants** the Motion for Summary

Judgment.

## I.    BACKGROUND

Plaintiffs filed this lawsuit on July 26, 2010.  Subsequently, Plaintiffs filed an

Amended Complaint [Doc. # 11] on September 7, 2010, another Amended Complaint

[Doc. # 21] on November 9, 2010, another Amended Complaint [Doc. # 24] on

---

[1]     Plaintiffs' claims against all other Defendants have been either dismissed or
transferred to the Eastern District of Texas.  The City of Houston is the sole remaining
Defendant.

January 21, 2011, another Amended Complaint [Doc. # 27] on February 22, 2011, and

another Amended Complaint [Doc. # 36] on March 3, 2011.  At a hearing on May 16,

2011, the Court required Plaintiffs to state on the record the precise factual allegations

against Defendants, including the City of Houston.  The Court deemed the transcript

[Doc. # 67] of that hearing to be Plaintiffs' final amended complaint.  *See* Hearing

Minutes and Order [Doc. # 52].  Consequently, Lyndon Granger's claims against the

City of Houston are that the Houston Police Department failed to investigate properly

the allegations against him of sexual misconduct and that they used excessive force

on three occasions.  Ulysses Granger's claim is that the City of Houston provided false

information to Harris County.  Bartholomew Granger, Sr.'s claim is that the City of

Houston placed him on a Fugitive Crime watch list as a sex offender.  Bartholomew

Granger, Jr.'s claim is that Houston Police Department used excessive force and

coerced him into providing false information against his father.

   After an adequate time to complete discovery, the City of Houston moved for

summary judgment.  The Motion is now ripe for decision.

## II.   STANDARD FOR SUMMARY JUDGMENT

   Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary

judgment, after adequate time for discovery and upon motion, against a party who

fails to make a sufficient showing of the existence of an element essential to the

party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'"  *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).  "An issue is material if its resolution could affect the

outcome of the action.  A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party.  *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant.  *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings.  *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002).  Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden.  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).  Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case."  *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted).  In the absence of any proof, the court will not assume that the non-movant could or would

prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence, and must disregard all evidence favorable to the moving party that the jury is not required to believe. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413). The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413).

## III.   ANALYSIS

### A.   Standard for § 1983 Liability Against City of Houston

Municipalities are deemed to be "persons" susceptible to suit under 42 U.S.C. § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Municipal liability, however, cannot be sustained under a theory of *respondeat superior* or vicarious liability. *Id.* at 691; *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). A municipality is only liable under § 1983 for acts that are "directly attributable to it 'through some official action or imprimatur.'" *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). For liability to attach, "the municipality

must cause the constitutional tort, which occurs 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Bolton v. City of Dallas*, 541 F.3d 545, 548 (5th Cir. 2008) (quoting *Monell*, 436 U.S. at 694).

To hold a municipality liable under this standard, "a plaintiff must show, in addition to a constitutional violation, that an official policy promulgated by the municipality's policymaker was the moving force behind, or actual cause of, the constitutional injury." *James*, 577 F.3d at 617.  The plaintiff must establish a "direct causal link" between the municipal policy and the constitutional deprivation.  *Id.* (citations and quotations omitted).

## B.    Lyndon Granger's Claims

Lyndon Granger alleges that the Houston Police Department failed to investigate properly the allegations against him of sexual misconduct and that they used excessive force on three occasions. Lyndon Granger has not, however, presented any evidence of an official policy or practice of the City of Houston or its police department to conduct inadequate investigations or to use excessive force. As a result, the City of Houston is entitled to summary judgment on Lyndon Granger's claims.

## C.    Ulysses Granger's Claim

Ulysses Granger alleges that the City of Houston provided Harris County with false information that he molested a young female and issued a warrant for his arrest. The City of Houston has presented evidence that the Houston Police Department received a telephone call from a woman alleging that her daughter was sexually assaulted by Lyndon Granger and by Ulysses Granger. The report was forwarded to Harris County, which had jurisdiction over the alleged assault by Ulysses Granger in Crosby, Texas. The forwarding of a complaint to the proper authorities does not rise to the level of a constitutional violation. There is no evidence that the City of Houston issued an arrest warrant for Ulysses Granger. Accordingly, Ulysses Granger has failed to present evidence that raises a genuine issue of material fact in support of his claims, and Defendant is entitled to summary judgment.

### D.   Bartholomew Granger, Sr.'s Claim

Bartholomew Granger, Sr. alleges that the Houston Police Department placed him on a Fugitive Crime watch list as a sex offender. The City of Houston has presented uncontroverted evidence that "no person(s) employed, associated or affiliated with the City of Houston informed, notified or provided any information about Bartholomew Granger to Crime Stoppers (the entity that creates the watch list) at any time." *See* Affidavit of Katherine Cabaniss, Executive Director of Crime Stoppers, Exh. C to Motion. Because there is no evidence that the City of Houston

or its police department placed or participated in the placement of Bartholomew Granger, Sr. on a Fugitive Crime watch list, Defendant is entitled to summary judgment on this claim.

### E.   Bartholomew Granger, Jr.'s Claim

Bartholomew Granger, Jr. alleges that Houston Police Department officers used excessive force against him and coerced him to provide false information against his father.  This Plaintiff has failed to present evidence that the City of Houston or its police department has an official policy or practice of engaging in excessive force or coercing false allegations.  As a result, Defendant's Motion for Summary Judgment on this claim is granted.

## IV.   CONCLUSION AND ORDER

Plaintiffs have failed to present evidence of an official policy or practice of the City of Houston that was the moving force behind the alleged constitutional violations in this case.  Additionally, Plaintiffs Ulysses Granger and Bartholomew Granger, Sr. have failed to present evidence that the City of Houston participated in the alleged violations of their constitutional rights.  As a result, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 72] is **GRANTED**.  The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this **2**$^{nd}$ day of **December, 2011**.

Nancy F. Atlas
United States District Judge